[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDERS RE: #125 MOTION TO REARGUE AND ARTICULATION
The court's intent was that the defendant should vacate the home upon his receipt of the first installment of the lump sum award. The court considered that the defendant had no funds with which to obtain other housing for himself. The court set 45 days as a reasonable time for the plaintiff to obtain the funds to enable the defendant to vacate.
As indicated at oral argument, the court's intent was to allow the plaintiff to retain the home. Although presently unemployed, the plaintiff indicated she had a good prospect of employment with her son-in-law. Without gainful employment there would be no way for the plaintiff to maintain the home.
If the plaintiff is unable to obtain a home equity loan or other financing and finds the payments to be made to the defendant onerous, the plaintiff might very well have to sell the real estate. It was the court's intent that the payments be made to the defendant in the lump sum amounts as indicated.
(1) The defendant is to vacate the home only upon the receipt of the funds. The mortgage shall be executed within 45 days or at the time the defendant vacates, whichever event shall first occur.
(2) No time limit was set for the payment of the arrears found to be $5,981. The court has considered (and reconsidered!) the manner of payment and orders that $3,000 of the arrears be paid from the first $15,000. The balance of the arrears $2,981 — shall be paid from the first payment of $50,000 due on or before February 1, 1992.
(3) In addition to the personal property awarded to the defendant, the defendant is entitled to his tools, the items he brought into the marriage, a division of linens, pots and pans. The parties shall confer and agree as to the remaining items of personal property. If the parties are unable to agree, they are referred to Family Services for mediation. The court will reserve jurisdiction if the parties are unable to agree. CT Page 5963
COPPETO, J.